UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| NATIONAL WILDLIFE FEDERATION, | NO. 2:11-cv-02044-RSM |
|---|---|
| Plaintiff, | ORDER GRANTING CITIES' MOTION TO INTERVENE & MOTION FOR EXTENSION OF TIME |
| vs. | |
| FEDERAL EMERGENCY MANAGEMENT AGENCY, | |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the Court on the Motion to Intervene (Dkt. No. 24) and Motion for Extension of Time (Dkt. No. 26) filed by the Cities of Arlington, Auburn, Burlington, Everett, Federal Way, Kent, Lake Forest Park, Mount Vernon, North Bend,

ORDER GRANTING MOTION TO INTERVENE &

MOTION FOR EXTENSION OF TIME- 1

2:11-cv-02044-RSM

Orting, Port Angeles, Puyallup, Renton, Snoqualmie, Sultan, and Tukwila ("the Cities"). For the reasons set forth below, both motions are GRANTED.

## II. DISCUSSION

### A. Motion to Intervene

Fed. R. Civ. P. 24(a)(2) provides that, "[o]n timely motion, the court must permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Rule 24 is to be broadly construed in favor of intervention. *See Washington State Building & Construction Trades Council v. Spellman,* 684 F.2d 627, 630 (9th Cir. 1982) ("Rule 24 traditionally has received a liberal construction in favor of applicants for intervention.") (internal citation omitted). Here, the Cities would likely be adversely affected by the Plaintiff's requested ban on new floodplain development and could potentially become exposed to litigation if such a ban were imposed. Plaintiff does not oppose the Cities' motion to intervene. *See* Dkt. No. 27, p. 1. Accordingly, the Cities' Motion to Intervene (Dkt. No. 24) is GRANTED, and the Cities may intervene as a matter of right pursuant to FRCP 24(a)(2).

### B. Motion for Extension of Time and to File Overlength Brief

The Cities also request a 28-day extension to respond to Plaintiff's motion for a preliminary injunction. Plaintiff asks the Court to deny the request for an extension, arguing that the Cities offer no persuasive reasons for their delay in seeking to intervene and cannot justify the prejudice to NWF's interests that such a delay would cause. The Court disagrees.

ORDER GRANTING MOTION TO INTERVENE &
MOTION FOR EXTENSION OF TIME- 2
2:11-cv-02044-RSM

Pursuant to Fed. R. Civ. P. 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Here, the Cities have shown good cause to extend the time for the Cities to respond to Plaintiff's motion and their failure to do so earlier is not the result of inexcusable neglect. First, as the Cities are not parties to this action, the Cities were not served with the complaint or the motion for a preliminary injunction. Second, since the complaint and the preliminary injunction motion were filed during the holiday season, the Cities had already concluded their annual meeting schedules. *See* Dkt. No. 25, ¶16. Newly-elected councilmembers and mayors had not yet been sworn or seated. *Id.* As a result, the constraints associated with governmental decision-making were amplified by the holiday break, the need to swear in new members of government, and coordinate among the other cities, which in turn were all experiencing similar constraints. Finally, during the week that the Defendants' response was due, a snow and ice storm hit the Puget Sound region, resulting in wide-spread power outages, which substantially affected the Cities' ability to coordinate schedules and use computers to complete the pleadings. *Id.* at ¶ 17.

Plaintiff argues that the above evidence is insufficient to excuse the Cities' delay because of the publicity surrounding this litigation. For example, Plaintiff points to the 60-day notice of intent to sue filed in September of 2011 and the fact that its filing of the complaint was covered on the front page of the Seattle Times. Moreover, Plaintiff argues that any delay in the preliminary injunction briefing schedule will increase the risk of irreparable harm to the protected species that this lawsuit is aimed at protecting. While there

ORDER GRANTING MOTION TO INTERVENE &
MOTION FOR EXTENSION OF TIME- 3
2:11-cv-02044-RSM

is some merit to Plaintiff's argument, the Court finds that, on balance, the Cities' interests in participating in this litigation outweigh the prejudice that the Plaintiff might suffer by a slight delay in the briefing schedule. The Court finds that the Cities' failure to seek intervention earlier is excused by the circumstances cited above. Moreover, the Cities' one-month delay in seeking intervention was relatively short and oral argument has yet to be scheduled in this matter. The extension of time will be GRANTED. The Cities' request to file an overlength brief of 40 pages in accordance with those of the other parties to this litigation is also granted.

Having reviewed the parties' briefs and accompanying declarations and exhibits, and the pleadings and files in this matter, the Court finds and ORDERS:

(1) The Cities' motion to intervene (Dkt. No. 24) is GRANTED.

(2) The Cities' motion for an extension of time and to file an overlength brief (Dkt . No. 26) is GRANTED. The Cities shall have until February 23, 2012 to file said brief, which shall not exceed 40 pages. Plaintiff may file a supplemental reply brief, if necessary, by March 2, 2012.

(3) The Clerk of the Court is directed to forward a copy of this order to all counsel of record.

Dated this 9th day of February 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO INTERVENE &
MOTION FOR EXTENSION OF TIME- 4
2:11-cv-02044-RSM